UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BRENHAM NATIONAL BANK

    Plaintiff,

vs.   **Case No.:** 4:24-cv-00391

CITIBANK, N.A.,

    Defendant.

_____/

### DEFENDANT CITIBANK, N.A.'S NOTICE OF REMOVAL

Defendant Citibank N.A. ("**Citibank**"), hereby removes the state court action styled as *Brenham National Bank v Citibank, N.A. and John Doe*, Cause No. 2023-00262, filed in the 295th Judicial District Court of Harris County, Texas (the "**State Court Action**"), to the United States District Court for the Southern District of Texas, Houston Division. Removal is proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This removal is made with full reservation of rights, exceptions, and defenses. As grounds for this removal, Citibank states as follows:

### I.  FACTUAL AND PROCEDURAL BACKGROUND

1. On or about January 3, 2024, Plaintiff Brenham National Bank ("**Plaintiff**") commenced this action by filing an Original Petition and Application for Temporary Restraining Order and Temporary Injunction against Citibank in the 295th Judicial District Court of Harris County, Texas (the "**State Court Action**"). **Ex. 1**, Orig. Petition and App. For TRO and TI ("**Plaintiff's Petition**").

2. Plaintiff's Petition was served on Citibank by serving the Texas Secretary of State on January 12, 2024. *See* **Ex. 2**.

3. According to Plaintiff's Petition, Plaintiff Brenham National Bank alleges that on or about December 11, 2023, its customer received fraudulent wire instructions and instructed Plaintiff to wire $360,801.37 to an account at Citibank based on the fraudulent wire instructions. *See* Ex. 1, Plaintiff's Petition, ¶ 7. Relying on the instructions provided by its customer, Plaintiff made the wire transfer to the Citibank account. *See id.* Citibank, relying on the account number provided by Plaintiff, deposited the money into the account number indicated by Plaintiff.

4. Plaintiff alleges that upon learning of the alleged scam, Plaintiff contacted Citibank to demand the return of the funds but, according to Plaintiff, Citibank refuses to return the funds. *See id.* ¶ 8.

5. As such, Plaintiff bring claims against Citibank alleging (1) money had and received; (2) unjust enrichment; and (3) aiding and abetting for Citibank's alleged failure to return the fraudulent wire transfers. *Id.* ¶¶ 9-19.

6. Plaintiff alleges it is a national bank doing business in the state of Texas. *Id.* ¶ 3. Plaintiff was incorporated in Texas. *See* Ex. 3.

7. Citibank is a national bank incorporated in Sioux Falls, South Dakota.

8. Plaintiff is seeking damages in excess of $250,000. *Id.* ¶ 2.

9. Accordingly, this matter is removable based on the complete diversity of citizenship of the parties and an amount in controversy of over $75,000, exclusive of interest, attorney's fees, and costs.

10. Citibank has not yet responded to the Complaint, and it reserves all defenses and objections to this action, intending no waiver by this removal. Citibank's response to the Complaint is currently due February 9, 2024.

11. In accordance with 28 U.S.C § 1332(a)(1) and Local Rule 81, copies of all process,

pleadings, orders, and other papers filed in the State Court Action, including the docket sheet, are attached hereto as **Ex 4**. Additionally, a list of the addresses and telephone numbers for the parties and counsel is attached hereto as **Ex. 5**, and an index of matters being filed is attached hereto as **Ex. 6**.

## II.   REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

12. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States."

13. The State Court Action is subject to removal pursuant to 28 U.S.C. §§ 1332(a) and 1441(a) because, at this time, this Court has original jurisdiction based upon a complete diversity of citizenship of the parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* Ex. 1, ¶ 2.

### (a)   The Parties Are Completely Diverse

#### (i)   Citizenship of Plaintiff

14. Under U.S.C. 1332(c), "a corporation shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See* U.S.C. §1332(c). Plaintiff's principal office and principal place of business is in Brenham, Texas. *See* Ex. 3.

15. Thus, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction. *See* U.S.C. §1332(c).

#### (ii)   Citizenship of Citibank, N.A.

16. For diversity purposes, a national bank, like Citibank, is deemed a citizen of the State in which its main office is located. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 126 S. Ct. 941, 163 L. Ed. 2d 797 (2006) (citing 28 U.S.C. § 1348).

17. Citibank is, and at all pertinent times was, a federally chartered national bank with South Dakota designated in its articles of association as its head office.

18. Thus, for purposes of diversity jurisdiction in this matter, Defendant is a citizen of South Dakota.

19. As such, the parties are completely diverse.

**(b)** **The Threshold Amount in Controversy Is Met**

20. The amount in controversy here exceeds $75,000.00, as required by 28 USC § 1332(a)(1).

21. Here, Plaintiff alleges damages in excess of $250,000, which clearly exceeds the $75,000 jurisdictional threshold. *See* Ex. 1, ¶ 2.

22. Indeed, the purportedly fraudulent wire transfer involved the amount of $360,801.37, which surpasses the amount in controversy requirement. *Id*. ¶ 7.

23. These representations taken from Plaintiff's Petition sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy far exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction.

24. Accordingly, Citibank has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

**III.    REMOVAL IS TIMELY AND VENUE IS PROPER**

25. Removal is timely if it is filed within thirty days of service of Plaintiff's petition. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). However, when serving a defendant through a statutory agent, the majority of district courts, including this Court, agree that the "defendant's time to remove the action is not triggered until that defendant actually receives the pleading." *See Barrackman v. Banister*, No. H-06-3622, 2007 U.S. Dist. LEXIS 4310, at *7 (S.D. Tex. Jan. 22, 2007); *Sandoval v. TBA Transp.*, LLC, Civil Action No.

4:22-CV-00318, 2022 U.S. Dist. LEXIS 132692, at *8 (E.D. Tex. July 26, 2022) ("the removal period does not begin until the defendant actually receives the process and not on the date the Secretary of State is actually served.").

26.   Citibank files this Notice of Removal within thirty days of receiving notice of service of Plaintiff's Complaint through the Secretary of State and within thirty days of service on the Secretary of State.

27.   Venue is proper in the United States District Court for the Southern District of Texas because the State Court Action was pending in the 295th Judicial District Court in and for Harris County, Texas. *See* 28 U.S.C § 89(c).

## IV.   ALL OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

28.   Pursuant to 28 U.S.C. § 1446(a), Citibank attaches hereto and makes a part of this notice of removal a copy of the process, pleadings, and other papers filed in the 295th Judicial District Court in and for Harris County, Texas together with a docket sheet from the Clerk of the Court. *See* **Ex. 4.**

29.   Pursuant to 28 U.S.C. § 1446(d), Citibank will promptly serve Plaintiff with a copy of this Notice of Removal and also file a copy of this Notice of Removal in the State Court Action.

30.   This removal is being signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

## CONCLUSION

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because the parties are completely diverse, the amount in controversy exceeds $75,000.00, exclusive of interest, fees, and costs, and removal is timely.

Dated: Respectfully submitted

By: */s/   Daniel Avila II*
Daniel Avila II (attorney-in-charge)
Texas Bar No. 24109601
S.D. Tex. No. 3365513
Email: davila@reedsmith.com
**REED SMITH LLP**
1221 McKinney St., Suite 2100
Houston, Texas 77010
Telephone: (713) 469-3800

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on , the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF filing system.

By: */s/ Daniel Avila II*
Daniel Avila II