United States District Court
Southern District of Texas
**ENTERED**
February 24, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENHAM NATIONAL BANK, | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 4:24-CV-0391 |
| CIBANCO S.A., | § § § | |
| Defendants. | § § | |

# ORDER

Before this Court is Defendant Cibanco S.A.'s ("Defendant") Motion to Dismiss or, in the alternative, transfer to the Western District of Texas. (Doc. No. 26). Plaintiff Brenham National Bank ("Plaintiff") filed a Response in Opposition, (Doc. No. 30), and Defendant filed a Reply. (Doc. No. 31). Having considered the motions and the applicable law, the Court finds that the Southern District of Texas is an improper venue for the case, and therefore **TRANSFERS** this case to the United States District Court for the Western District of Texas.

The facts of this case are fairly straightforward. Plaintiff's customer was in the process of building a car wash when it requested instructions on how to purchase equipment via a bank wire. (Doc. No. 16 at 2). An unidentified person, posing as an equipment supplier, provided fraudulent instructions causing the money to be wired to the fraudster's account rather than the equipment supplier. (*Id.*). On December 11, 2023, Brenham State Bank received the wiring instructions from its customer and wired $360,801.37 to an account with Defendant Cibanco S.A., maintained by former Defendant Citibank. (*Id.*).

Plaintiff sought a return of the funds. (*Id.*). When Citibank did not return the stolen funds, Plaintiff filed its Original Petition and Application for Temporary Restraining Order on January 3,

2024. (*Id.*). On February 1, 2024, Citibank removed the case to federal court and interpleaded the funds from the Cibanco account. (*Id.*). Plaintiff alleges that the funds are only in Cibanco's account through criminal means and seeks to recover the money through several causes of action: (1) money had and received; (2) unjust enrichment; and (3) a declaratory judgment that Plaintiff is entitled to the money held in Cibanco's account. (*Id.* at 2, 4, 5). Among other things, Cibanco has challenged this Court's status as the proper venue for this case. Primarily, Cibanco argues that Plaintiff's basis for venue, 28 U.S.C. § 1397, renders this district improper because no claimant resides in the Southern District.

The relevant venue statute, titled "Interpleader," states, "[a]ny civil action of interpleader or in the nature of interpleader under Section 1335 of this title may be brought in the judicial district in which one or more of the claimants reside." 28 U.S.C. § 1397. Courts have generally held that the words "may be brought" in § 1397 must be given a limiting construction and are not truly permissive. *See, e.g., RCA Records v. Hanks*, 548 F. Supp. 979, 982 (S.D.N.Y. 1982). Accordingly, a statutory interpleader action must be brought in a district where at least one of the claimants resides. *See Metropolitan Life Ins. Co. v. Chase*, 294 F.2d 500, 502 (3rd Cir. 1961) (stating that statutory interpleader venue is improper if the action is filed in a district where none of the claimants reside). Finally, courts have held that "a claimant 'resides,' for the purposes of the interpleader venue statute, in the same district as that party would be deemed a 'citizen,' for purposes of determining diversity jurisdiction." *Mudd v. Yarbrough*, 786 F. Supp. 2d 1236, 1246 (E.D. Ky. 2011).

Here, it is undisputed that Brenham National Bank resides in Brenham, Texas and Cibanco S.A. resides in Mexico City, Mexico. (Doc. No. 16 at 1). Brenham, Texas is located in Washington

County and, therefore, in the Western District of Texas. As there are no other claimants to the money, this Court is an improper venue under 28 U.S.C. § 1397.

Further, during the hearing held on February 20, 2025, Brenham National Bank stated that it did not oppose transfer to the Western District to ensure that venue is proper. Based on the foregoing, the Court finds that it is not a proper venue for this case. As such, the Court **GRANTS** Defendant's motion in part and **TRANSFERS** this case to the United States District Court for the Western District of Texas. (Doc. No. 26). In addition, the Clerk is ordered to transfer the interpleaded funds in the registry of the Southern District to the registry of the Western District of Texas.

Signed this 20th day of February, 2025.

Andrew S. Hanen
United States District Judge